**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMEO R. DE FERNANDEZ; et al., | No. 13-15526 |
| Plaintiffs - Appellants, | D.C. No. 4:10-cv-02468-SBA |
| v. | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted May 14, 2015[**]
San Francisco, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges and BURNS,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Appellants Romeo R. De Fernandez, Ciriaco C. dela Cruz, Valeriano C. Marcelino, and the Veterans Equity Center appeal the district court's dismissal of their claims for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under provisions of the American Recovery and Reinvestment Act of 2009 establishing the Filipino Veterans Equity Compensation Fund, certain Filipino veterans of World War II, or their surviving spouses, are entitled to one-time payments. Pub. L. No. 111-5, § 1002, 123 Stat. 115, 200–02 (2009). The Department of Veterans Affairs (VA) requires applicants to prove they are entitled to benefits, and specifies what evidence is acceptable. *Id.* at § 1002(c)(1). Appellants brought this putative class action on behalf of themselves and certain other Filipino veterans of World War II, arguing that the evidentiary requirements violate their First and Fifth Amendment rights.

The Veterans' Judicial Review Act of 1988 provides that most benefits decisions of the Secretary of Veterans Affairs are final and unreviewable by district courts. 38 U.S.C. § 511(a). In *Recinto v. U.S. Dept. of Veterans Affairs*, 706 F.3d 1171 (9th Cir.), cert. denied, 134 S. Ct. 83 (2013), we held that § 511 forecloses judicial review of the VA's evidentiary requirements, where addressing the

constitutionality of the VA's procedures would require us to inquire into at least some individual cases. *Id*. at 1176.

Appellants concede they are raising the same types of claims as were raised in *Recinto* (Appellants' Br. at 9, 16), and we agree. They have asked us to reconsider *Recinto* in light of *McNary v. Haitian Refugee Center*, 498 U.S. 479 (1991). (Id.)  We lack the authority to do this, however. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that one three-judge panel cannot overrule the decision of an earlier three-judge panel, in the absence of clearly irreconcilable intervening higher authority).

The arguments Appellants raise for the first time in their reply brief are waived, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that arguments not raised in the opening brief are waived), and in any event lack merit.

Because *Recinto* was binding on the district court, and is binding on us, we hold that the district court properly dismissed Appellants' claims without leave to amend.

**AFFIRMED**.